## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>  ANGELINO TIGREROS,<br><br>      Debtor. | Case No. 19-17665-mdc<br><br>Chapter 13 |
| ANGELINO TIGREROS,<br><br>      Plaintiffs,<br><br>v.<br><br>ORIGEN CAPITAL INVESTMENTS III,<br>LLC,<br><br>      Defendant. | Adv. Proc. No. 21-00015-MDC |

## DEFENDANT'S POST-TRIAL BRIEF

Defendant Origen Capital Investments III, LLC ("Defendant") respectfully submits this post-trial brief.

## I.    INTRODUCTION

This matter was commenced as a chapter 13 lien stripping case with respect to the Debtor's principal residence at 534-536 West Rockland Street, Philadelphia Pa. The complaint alleges an exception to the chapter 13 anti-modification clause.[1] Following the trial of this matter, the parties entered into a stipulation[2] which: a) clarified that the Debtor is seeking to reduce Defendant's lien based on 11 U.S.C. §§ 506 and 522(f) (relating to impairment of

---

[1]    Debtor inadvertently cited to 11 U.S.C. §1123(b)(5) which is the chapter 11 anti-modification provision and does not apply in chapter 13 cases.

[2]    Adversary proceeding, document 38

exemptions) with respect to the Debtor's personal residence; and (b) Defendant waived the defense of the chapter 13 anti-modification clause of 11 U.S.C. §1322(b)(2).

Although no evidence was submitted by the Debtor during the trial concerning the secured claims against the principal residence, the parties agreed in the post-trial stipulation[3] that the following constitutes the only liens or interests in the subject property which may be senior to the Defendant's judgment lien:

| | |
|---|---|
| Citizens Bank mortgage | $34,284.61 |
| City of Philadelphia lien | $201.27 |
| City of Philadelphia lien | $1,200.00 |
| Pennsylvania lien | $1,200.00 |

As a result of the stipulation, there is no need for the Court to address whether the chapter 13 anti-modification provision applies and whether there is an exception to it based on the Debtor's claim the loan was secured by cash collateral.

The sole remaining issues are: a) whether the Debtor sustained his burden of proof; and b) the value of the Debtor's personal residence.

## II.    **STANDARD**

Section 522(f) permits a debtor to avoid the fixing of a judicial lien on an interest of the debtor in property, like the Defendant's judgment lien, to the extent the lien impairs an exemption to which the debtor would have been entitled. 11 U.S.C. § 522(f). Section 522(f)(2)(A) sets forth the following formula to determine the extent that an avoidable lien impairs an exemption:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (i)     the lien;
> (ii)    all other liens on the property; and

---

[3]     Adversary proceeding, document 38

        (iii)     the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A)

Only that part of a lien which interferes with the debtor's exemption may be avoided. *Santander Bank, N.A. v. Maslowski (In re Maslowski)*, No. 19-17569 (BRM) (D.N.J. Sept. 29, 2020) citing *In re Menell*, 37 F.3d 113, 115 (3d Cir. 1994); see also *In re Coley*, 437 B.R. 779, 786 (Bankr. E.D. Pa. 2010)(non-exempt value of the debtor's property, after deducting all liens, is not subject to avoidance).

## III.    BURDEN OF PROOF

Generally, the debtor, as the movant, "bears the burden of proof by a preponderance of the evidence on every element of Section 522(f)." *Riggs v. Hebrew Home for Health & Rehab., LLC (In re Riggs)*, 635 B.R. 1, *9 (Bankr. D. Conn. 2021) citing *In re Armenakis*, 406 B.R. 589, 604 (Bankr. S.D.N.Y. 2009).

A debtor must "prove three crucial facts in order to obtain § 522(f) relief: the value of the [p]roperty, the validity of the lien, and if valid, the value of the lien." *Riggs v. Hebrew Home for Health & Rehab., LLC (In re Riggs)*, 635 B.R. 1 (Bankr. D. Conn. 2021).

## IV.    ANALYSIS

### A.    The Debtor failed to sustain Debtor's burden of establishing the value of the property as of the petition date.

In a section 522(f) proceeding, the Debtor has the burden of proving the value of the subject property as of the petition date. 11 U.S.C. § 522(a)("value" means "fair market value as of the date of the filing of the petition or, with respect to property that becomes property of the estate after such date, as of the date such property becomes property of the estate."); *In re*

*Bradley*, 369 B.R. 147, 152 (Bankr. S.D.N.Y. 2007)(assigning the debtor with the burden of proving petition date value); *Riggs v. Hebrew Home for Health & Rehab., LLC (In re Riggs)*, 635 B.R. 1 (Bankr. D. Conn. 2021)(debtor failed to sustain burden of establishing petition date value); *Golding v. Adamcewicz (In re Golding)*, 622 B.R. 8 (Bankr. D. Conn. 2020)(same); *In re Christensen*, 2015 Bankr Lexis 3506, 2015 WL 6125537 (Bankr. W.D.N.Y. Oct. 16, 2015)(same); *In re Martinez*, 2015 Bankr Lexis 1990, 2015 WL 3814935 (Bankr. D.N.M. June 18, 2015)(same).

In this case, the Debtor failed to present any evidence concerning the value of the property as of the December 9, 2019 petition date. The Debtor did not testify and the sole valuation evidence was submitted by Debtor's valuation witness, Gerald W. Gibbs. Mr. Gibbs' valuation was as of April 20, 2021 which is almost a year and a half after the petition date. Importantly, during cross-examination, Mr. Gibbs testified his valuation is only good as of the date it was issued. Mr. Gibbs' valuation uses comparables as late as December 11, 2021 is almost a year and a half after the petition date.

The Debtor did not offer his own testimony concerning the value of the property and the Court precluded the use of the Debtor's bankruptcy schedules and statements to establish the value.

As a result, the Debtor failed to sustain the Debtor's burden of establishing the value of the property as of the petition date.

**B.     The Debtor failed to sustain Debtor's burden of establishing the validity of the other liens.**

Although the post-trial stipulation lists the amount of the other scheduled and claimed liens against the property, the Debtor has not offered any evidence to establish the liens are valid. No documents were submitted by the Debtor to show the nature of the liens or the attachment

and perfection of the liens. No evidence was submitted to establish the liens remained outstanding as of the petition date and are not otherwise defective or avoidable.

Accordingly, the Debtor failed to establish the validity of the other liens.

**C.    To the extent the Court considers the Debtor's expert testimony, the Court should not give any weight to the testimony.**

The Court, as the fact-finder in this case, may weigh the testimony, and make credibility determinations, with respect to expert witnesses such as Mr. Gibbs.

Mr. Gibbs initially testified that the off-street parking and garage provide little, if any value, to the property because the driveway was not wide enough for a motor vehicle. This testimony was actually proven objectively wrong by the last two photographs in Mr. Gibbs' own report which show a truck at the rear of the driveway next to an RV.  Not only is the driveway wide enough to for a car, it is wide enough for a truck.

When challenged about the evidence, Mr. Gibbs backtracked and stated there is no demand for off-street parking in this neighborhood which he acknowledged consists of mostly row homes. As the Court knows, off-street parking in in a row home neighborhood is relatively rare. It is coveted by homeowners and may actually provide a homeowner with an opportunity for rental income from persons desiring off-street parking. It enhances value.

Mr. Gibbs also testified the fact that the subject property was on a double lot which is much larger, in most cases more than twice the size, than the comparable properties did not enhance value.[4] He testified that some people may not want a bigger lot. This is akin to testifying that some people may not want more money. That might be true but human nature, and common experience, is that more money and a bigger property are desirable to most people.

---

[4]      The Debtor's lot is 4406 s.f. The comparables listed in Mr. Gibbs' report have lot sizes ranging from 1279 s.f. to 2255 s.f.

There are other flaws in Mr. Gibbs' report which suppress value. In particular, the appraisal includes a comparable property at 4804 Warnock Street with a sales price of $58,000 on August 12, 2020. The Court may take judicial notice[5] that 4804 Warnock Street has an assessed value of $92,500 and sold for $207,000 on April 8, 2021 which is twelve days before Mr. Gibbs issued his report on April 20, 2021:



Mr. Gibbs did not explain why he included an eight (8) month old sale price of $58,000 for 4804 Warnock instead of the $207,000 sale which occurred twelve (12) days before the issuance of the appraisal. Obviously, there may be an explanation for the increase in value such as the property being flipped following a renovation. But Mr. Gibbs did not disclose this to the Court and did not explain it during his testimony. Instead, he chose an eight (8) month old transaction as a comparable to demonstrate a low value for the Debtor's property.

---

[5]      The court may judicially notice a fact that is not subject to reasonable dispute because it..."can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Taking judicial notice is not discretionary. The Court "must" take judicial notice if a party requests it and the Court is supplied with the necessary information. F.R.E. 201(c). Judicial notice may be taken "at any stage of the proceeding". F.R.E. 201(d). The City of Philadelphia maintains real property records which are readily available to the public via the internet address https://property.phila.gov/. The record for 4804 Warnock may be found at https://property.phila.gov/?p=491383300.

The Court may also take judicial notice that the City's assessed value for the Debtor's property is $132,400[6] which is much more comparable to the valuation ascribed by Defendant's expert:



Mr. Gibbs testified that he did not know the assessed value for the Debtor's property which is something an appraiser should know and be able to disclose to the Court. In other words, given his appraised value is approximately 34% of the assessed value, Mr. Gibbs should have been prepared to explain such a large discrepancy to the Court.

Instead, he generally stated the property was in an undesirable location due to the presence of a commercial property across the street. The same commercial property is across the street from the property adjacent to the Debtor's property but that property does not have the same suppressed value. In particular, the adjacent property at 532 W. Rockland has an assessed value of $143,400 and sold for $140,000 on June 4, 2015[7]:

---

[6]      See, https://property.phila.gov/?p=491108800

[7]      See, https://property.phila.gov/?p=491108700



**City of Philadelphia** | Property

532 W ROCKLAND ST
PHILADELPHIA, PA 19120-3749

Owner                                                                OPA Account Numbe

491108700

ROMAN JOSEPH                                              Mailing Address
                                                                        532 W Rockland St
                                                                        Philadelphia, PA 19120-

Property assessment and sale information

| Assessed Value | $143,400 |
| --- | --- |
| Sale Date | 06/04/2015 |
| Sale Price | $140,000 |

In sum, the Court cannot give any weight to Mr. Gibbs' appraisal because it does not value the property as of the petition date. Even without this fundamental defect, Mr. Gibbs' report understates the value of the property by not recognizing inherent value in having a double lot as opposed to a single lot and failing to recognize that off-street parking with a garage enhances value. The Court should not give any weight to Mr. Gibbs testimony because he did not know that the assessed value of the property was 293% of his appraised value or that the adjacent property sold for nearly $100,000 more than his appraised value in 2015,

The Court should not give any weight to Mr. Gibbs' testimony because he claimed that the driveway was not wide enough for a motor vehicle even though the pictures in his own appraisal show a truck at the rear of the driveway. The only reason for Mr. Gibbs to testify that the driveway was not wide enough was to convince the Court that the driveway and garage did not add value. The Court may weigh this false testimony, which appears either intentionally or recklessly false, in assessing Mr. Gibbs' testimony.

Instead of accepting Mr. Gibbs testimony, if the Court does not deny relief based on the Debtor's failure to present a petition date valuation, the Court should credit the testimony of

-8-

Defendant's expert, Keith Chennault, who gave a range of value for the property from $105,000 to $120,000. Mr. Chennault's valuation does not attempt to overstate his position which is a fault in Mr. Gibbs' testimony. Mr. Chennault's valuation is inherently reasonable, and may be understated, because it is less than the appraised value of the property and less than the 2015 sale price of the adjacent property. Mr. Chennault recognized inherent value in a double lot property with off-street parking and a garage. Unlike Mr. Gibbs, Mr. Chennault did not have to go through machinations to convince the Court that a double lot with off-street parking is a row home neighborhood is not appealing.

Mr. Chennault did not tell the Court that the driveway was too narrow to fit a vehicle when the photographs prove otherwise.

## V.    <u>CONCLUSION</u>

The Debtor's cause of action should be denied. The Debtor did not sustain the Debtor's burden of presenting evidence of the value of the property as of the petition date. To the extent the Court considers the valuation testimony even though it is not as of the petition date as required, the Court should not give any weight to the testimony of Debtor's valuation expert based on the flaws and unreasonable positions in the valuation and testimony. Of particular note, the Court should give the testimony of Defendant's expert zero weight due to the patently false testimony concerning the driveway which was contradicted by the photographs in the expert's own report.

Instead, the Court should credit the testimony of Defendant's expert which is more in line with the assessed value of the property and the recent sale price of the adjacent property. The Defendant's expert was not argumentative and did not take positions which were unreasonable. He also did not give patently false testimony like the Debtor's expert.

Respectfully submitted,

Date:   March 29, 2022          **BUCHANAN INGERSOLL & ROONEY PC**

*/s/ Mark Pfeiffer*_____
Mark Pfeiffer, Esq. (Pa. Id. No. 76245)
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Phone: (215) 665-8700
Facsimile: (215) 665-8760
E-mail: mark.pfeiffer@bipc.com
*Counsel for Origen Capital Investments III, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this date a true and correct copy of the above and foregoing has been filed with the Clerk of Court using the CM/ECF system.  I further certify that the foregoing document is being served this date, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic filing on the counsel of record or *pro se* parties identified on the Service List below.

## <u>SERVICE LIST</u>

Maggie S Soboleski, Esquire
Center City Law Offices LLC
2705 Bainbridge Street
Philadelphia, PA 19146
Via Email: msoboles@yahoo.com


Date: March 29, 2022

*/s/ Mark Pfeiffer*
*Attorney for Origen Capital Investments III, LLC*
