# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANGELINO TIGREROS**<br><br>*Plaintiff/Debtor/Appellee,*<br><br>v.<br><br>**ORIGEN CAPITAL INVESTMENTS III, LLC**<br><br>*Defendant/Appellant.* | **Case No. 2:23-cv-01899-JDW** |

## **MEMORANDUM**

When a judge exercises discretion, she must do so in a way that allows everyone to understand why she did what she did. Usually, that explanation will justify the exercise of discretion. But without the explanation, it's hard to determine what happened and why. In a bankruptcy case, judges have discretion to pick the date of valuation for real property that is part of the estate. The valuation date is important because it can have a dramatic impact on whether a lien on the property is secured or unsecured, which in turn often decides whether the lien is valuable or almost worthless. Given this import, bankruptcy judges must explain the reason for picking a particular valuation date. In this case, the Bankruptcy Court explained why it rejected the petition date as the date of valuation, but it didn't explain why it picked the date that it did. Without that explanation, I have no way of determining whether the decision was a reasonable exercise of discretion. I will therefore vacate the Bankruptcy Court's decision and remand for further explanation.

## I. BACKGROUND

On December 9, 2019, Angelino Tigreros filed a voluntary Chapter 13 bankruptcy petition. He owns a home on a double lot in Philadelphia, and Origen Capital Investments III, LLC, holds a mortgage on the property. As of the petition date, Origen held a judgment lien against Mr. Tigreros equal to $71,390.74, including interest. Mr. Tigreros valued the property at $60,000 when he filed his petition.

On February 21, 2021, Mr. Tigreros filed an adversary proceeding against Origen seeking to reduce the amount of the judgment lien under 11 U.S.C. § 506(a) and § 522(f). The Bankruptcy Court held a trial on February 28, 2022. At trial, both parties presented testimony regarding the value of the property. Mr. Tigreros presented a real estate appraisal valued the property at $45,000 in April 2021. Origen's real estate broker used a comparative market analysis and concluded that on May 17, 2021, the property would have sold for between $105,000 and $120,000, if sold for investment purposes, so he proposed that value. The parties filed posttrial stipulations recognizing $36,885.88 worth of senior liens on the property. Additionally, the parties stipulated that Mr. Tigreros qualified for a homestead exception worth $25,150 under 11 U.S.C. § 522(d)(1).

The Bankruptcy Court ruled for Mr. Tigreros. *See Tigreros v. Origen Capital Investments III, LLC*, Case No. 21-00015-MDC, 2023 WL 3239891 (Bankr. E.D. Pa. Apr. 30, 2023). It held that Section 506 does not require the Bankruptcy Court to value the property as of the petition date. Instead, it adopted April 2021 as the valuation date and rejected

2

Origen's expert's valuation methodology. It added $1,200 to the appraiser's valuation of the property to account for the value of a three-car garage and therefore adopted a final valuation of $46,200. The Bankruptcy Court explained that it rejected the petition date because that date "would not account for such factors as changes in the real estate market, changes in neighborhood conditions, and any deterioration or repairs made to the property since December 2019." *Id.* at *5. The Bankruptcy Court also noted that a "certified real estate appraisal is based upon conditions observed at a specific time and it is impossible to turn back the clock and value the Property as of that date." *Id.* Therefore, the Bankruptcy Court concluded that "based on fairness, efficiency of case administration, equitable considerations, and recognition of the pandemic conditions that existed while the Debtor's bankruptcy case and adversary proceeding were pending that a valuation date other than the petition date is appropriate." *Id.*

Because the senior liens and the exemption on the property totaled more than $62,000, no equity remained to secure Origen's judgment lien. As a result, the Bankruptcy Court held that the judgment lien would be unsecured. Origin filed this appeal.

## II. LEGAL STANDARD

This Court has jurisdiction to hear appeals of the Bankruptcy Court pursuant to 28 U.S.C. § 158. On appeal, legal conclusions of the Bankruptcy Court are reviewed *de novo*, while its factual findings are reviewed for clear error. *See In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999). Factual findings of the Bankruptcy Court may

be vacated as an abuse of discretion if the ruling was "arbitrary, fanciful, or clearly unreasonable" such that "no reasonable person would adopt the [lower] court's view." *In re SemCrude, L.P.*, 428 B.R. 590, 593 (D. Del. 2010) (quotation omitted) (alteration in original).

### III.    ANALYSIS

Section 506 of the Bankruptcy Code governs the value of claims "secured by a lien on property in which the estate has an interest." 11 U.S.C. § 506(a)(1). When determining the value of the property securing a creditor's lien, the bankruptcy court should consider "the purpose of the valuation" and the "proposed disposition or use of [the] property." *Id.* On its face, the statute does not specify a valuation date for real property. That stands in contrast to personal property, for which Section 506 requires a valuation as of the date of the petition. *See* 11 U.S.C. § 506(a)(2). From that, I conclude, as did the Bankruptcy Court, that Section 506 grants a bankruptcy court discretion to determine the valuation date for real property. In fact, the Third Circuit has noted that there is "no clear consensus in the caselaw" as to the proper valuation date for real property. *In re McDonald*, 205 F.3d 606, 615 (3d Cir. 2000).

The Bankruptcy Court explained that it did not use the petition date to value the property because that date would not account for changes in the marketplace, changes in neighborhood conditions, and changes in the property's condition. That conclusion was not an abuse of discretion. It was reasonable and it accounted for the statutory mandate

4

that the Bankruptcy Court consider the purpose of the valuation and Mr. Tigreros's intended use of the property.

Although the Bankruptcy Court explained with plenty of detail why it did **not** pick the petition date, it did not explain its choice of April 2021 for its valuation. It noted that that is the date when the appraiser conducted his appraisal, and that's true, of course. But it doesn't explain why the date of the appraisal is one that accounts for the purpose of the valuation or how that date makes sense in the context of the case overall. The only two comments that suggest such a reason are its reference to "efficiency of case administration" and "pandemic conditions." *Tigreros*, 2023 WL 3239891 at *5. But efficiency of case administration is not one of the factors that Section 506 directs a bankruptcy judge to consider. *See* 11 U.S.C. § 506(a)(1). And the general reference to "pandemic conditions" does nothing to counsel in favor of an April 2021 valuation date. It just bolsters the idea that the petition date wasn't a good choice. Without more explanation, there's no way to tell whether April 2021 is an arbitrary date unconnected to the purpose of the valuation or whether it has some significance (either on its own or because it is close enough in time to some other event in the case to make its use reasonable). I will therefore vacate the Bankruptcy Court's decision and remand the case to the Bankruptcy Court so it has an opportunity to provide a bit more explanation for how it exercised its discretion.

## IV.   CONCLUSION

The Bankruptcy Court has broad discretion to pick a valuation date, but it has to provide an explanation for the date it selected, not just the date that it rejected, for the valuation. It can provide that explanation on remand. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge

December 4, 2023